IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

MICHAEL KOSZUTA
2852 Fox Lake Drive
Unit 24
Waukesha, WI 53189

        Plaintiff,　　　　　　　　　　　Case No. 17-cv-1039

-vs-

UNITED STATES OF AMERICA
c/o U.S. Attorney for Eastern District of Wisconsin
Gregory J. Haanstad
530 Federal Building
517 E. Wisconsin Ave.
Milwaukee, WI 53202

THOMAS E. PRICE
Secretary of the Health and Human Services
c/o: Assistant U.S. Attorney Gregory Haanstad
Eastern District of Wisconsin
Federal Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202

        Defendants.

---

## COMPLAINT

---

NOW COMES the above-named Plaintiff, by his attorneys, Aiken & Scoptur, S.C., and as and for a cause of action against the above-named Defendant, alleges and shows to the court as follows:

### PARTIES

1.　　The Plaintiff, Michael Koszuta, is a citizen and adult resident residing at 2852 Fox Lake Drive, Unit 24, Waukesha, Wisconsin 53189.

2. The Defendant, the United States of America, is the proper party to this action brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* which at all times was acting through the Clement J. Zablocki VA Medical Center (hereinafter "VA") in Milwaukee, Wisconsin.

3. Thomas Price, Secretary of Health and Human Services, has oversight responsibility for the Health Care Financing Administration, the agency responsible for administering the federal Medicare program. Upon information and belief, the Medicare program paid health claims on behalf of the plaintiff for medical care and services rendered as a result of the medical negligence, which is the subject of this case. Pursuant to 42 U.S.C. § 1395y(b)(2), Medicare may be entitled to reimbursement for related paid claims if plaintiff recovers through settlement or judgment.

## JURISDICTION AND VENUE

4. The Plaintiff is informed and believes that, in this case, if the United States were a private person, liability would be imposed under the laws of the State of Wisconsin upon the practice, physicians, staff and other agents, servants, and employees charged with the responsibility for the medical care and treatment of Michael Koszuta, acting within the course and scope of their employment with the VA.

5. This Court has jurisdiction of this action pursuant to its Federal Question Jurisdiction as provided for by 28 U.S.C§§ 1331 and 1346, in that the action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2761, *et seq.*, and the U.S. government is a defendant.

6. Venue is proper in this District and Division because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

7. On July 6, 2016, Plaintiff timely served via Certified Mail and Administrative Claim pursuant to 28 U.S.C. § 2675. This claim was denied on February 8, 2017.

## GENERAL FACTUAL ALLEGATIONS

8. Michael Koszuta went to the VA on September 29, 2015 for a vitrectomy surgery for repair of a retinal detachment, which resulted in a posterior retinal injury and submacular hemorrhage.

9. Michael Koszuta developed a submacular hemorrhage, which will limit his visual potential and is a highly likely contributing factor in his recurrent inferior retinal detachment.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION- NEGLIGENCE

10. Re-allege and incorporate all of the allegations set forth in the previous paragraphs.

11. That the Defendant, United States of America, through the VA and its employees, agents and/or apparent agents, rendered professional medical services, including but not limited to the period on or about September 29, 2015; further, that said Defendant, by its employees, agents and/or apparent agents, failed to exercise ordinary care and medical skill in keeping with their profession and the area of the profession in which they specialized and in the manner in which their agents, employees and/or apparent agents, diagnosed, cared, treated and rendered medical services to Michael Koszuta.

12. As a result of the causal negligence of the Defendant, by its agents, employees and/or apparent agents, Michael Koszuta has endured in the past and will continue to endure in the future the following damages, including but not limited to: pain, suffering and disability;

economic loss, including but not limited to, medical and hospital expenses and a loss of earning capacity all in an unspecified amount pursuant to Wisconsin Statute.

13. As a result of the causal negligence of the Defendant, by its agents, employees and/or apparent agents, the Defendant is directly liable to the Plaintiff in an amount to be proven at trial.

## SECOND CAUSE OF ACTION- INFORMED CONSENT

14. Re-allege and incorporate all of the allegations set forth in the previous paragraphs.

15. That the Defendant, through its agents, employees and/or apparent agents, failed to properly inform, pursuant to Wis. Stat. § 448.30, and the common law of the State of Wisconsin, the Plaintiff that there were reasonable alternative treatments and failed to advise of the benefits and risks of the treatment rendered.

16. As a result of the causal negligence of the Defendant, through its agents, employees and/or apparent agents, Plaintiff suffered injuries more fully set forth above.

WHEREFORE, the above Plaintiff demands judgment against the Defendant as follows:

1. For the plaintiff, in an unspecified amount pursuant to Wisconsin Statutes;
2. For a determination of the subrogation rights of Medicare, if any.
3. For interest, together with the costs, disbursements and attorney fees of this action;
4. For any other remedy the court deems just and equitable under the circumstances.

Dated this 26 day of July 2017.

                                                AIKEN & SCOPTUR, S.C.
                                                Attorneys for Plaintiff

                                                /s/ JAMES P. SCOPTUR
                                                JAMES P. SCOPTUR

State Bar No. 1063175
2600 N. Mayfair Rd.
Suite 1030
Milwaukee, WI  53226
(414) 225-0260 Telephone
(414) 225-9666 Fax
james@aikenandscoptur.com

5
Case 2:17-cv-01039-DEJ   Filed 07/26/17   Page 5 of 5   Document 1